O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE WALLACE, | ) | Case No. EDCV 09-0547-GAF (DTB) |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING FIRST |
| vs. | ) | AMENDED COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a federal inmate currently incarcerated at a federal correctional institution in Lewisburg, Pennsylvania, filed a pro se civil rights Complaint herein pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) on March 18, 2009, after being granted leave to proceed without prepayment of the full filing fee.  The allegations in the Complaint were based upon incidents which occurred while plaintiff was incarcerated at a federal correctional institution in Adelanto, California (hereinafter "USP-Victorville"). Named as defendants in the Complaint were the Federal Bureau of Prisons ("BOP") plus three BOP employees: Eric Rardin[1]("Rardin"), unit manager; Charles R. Carter ("Carter"), correctional counselor; and Terrance L. Moore ("Moore"), special

[1]Erroneously named as "Weirdin" in the complaint.

1

1  investigative supervisor, each of whom was named only in their official capacities.

2  In accordance with the terms of the "Prison Litigation Reform Act of 1995"

3  ("PLRA"), the Court screened the Complaint prior to ordering service for purposes

4  of determining whether the action was frivolous or malicious; or failed to state a claim

5  on which relief could be granted; or sought monetary relief against a defendant who

6  was immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b); <u>see also</u> 42

7  U.S.C. § 1997e(c)(1). After careful review of the Complaint under the relevant

8  standards, the Court found that its allegations were insufficient to state a claim on

9  which relief might be granted. Accordingly, on July 17, 2009, the Court issued an

10 Order Dismissing the Complaint with Leave to Amend. In its Order, the Court

11 advised plaintiff that if he desired to pursue this action, he was ordered to file a First

12 Amended Complaint within 30 days, remedying the deficiencies discussed in the

13 Court's Order. On September 14, 2009, after granting plaintiff an extension of time

14 in which to file an amended complaint, the Court received plaintiff's First Amended

15 Complaint ("FAC").[2]

16 In the FAC, plaintiff does not name the BOP as a defendant; however, plaintiff

17 does name as defendants the following BOP personnel: Harley G. Lappin, Director

18 of the BOP; Robert Haro, Western Regional Director; and Harlan Penn, Western

19 Regional Counsel. The FAC also names the following USP-Victorville employees:

20 J.L. Norwood, Warden; Richard Bourn, captain; Eric Rardine, unit manager; Ms.

21 Bosett, unit counselor; Charles R. Carter, unit counselor; Terrance L. Moore, special

22 investigative supervisor technician; Bring, property officer; Butler, property officer;

23 and an unnamed unit officer. All defendants are sued in both their official and

24 individual capacities. The FAC purports to allege four claims: one arising out of the

25 First Amendment, one arising out of the Fifth Amendment, and two arising out of the

26

27
28   [2]   The Court notes that plaintiff failed to complete a proof of service of the
First Amended Complaint. Nonetheless, the Court has ordered the document filed.

2

1   Eighth Amendment.  The FAC purports to be seeking injunctive and declaratory
2   relief, as well as compensatory and punitive damages.

3       Once again, in accordance with the PLRA, the Court has screened the FAC
4   prior to ordering service for purposes of determing whether the action is frivolous or
5   malicious; or fails to state a claim upon which relief may be granted; or seeks
6   monetary relief against a defendant who is immune from such relief.  A complaint
7   may be dismissed as a matter of law for failure to state a claim for two reasons:  (1)
8   lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal
9   theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In
10  determining whether a complaint states a claim on which relief may be granted,
11  allegations of material fact are taken as true and construed in the light most favorable
12  to the plaintiff.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
13  Moreover, since plaintiff is appearing pro se, the Court must construe the allegations
14  of the Complaint liberally and must afford plaintiff the benefit of any doubt.  See
15  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).
16  However, "the liberal pleading standard ... applies only to a plaintiff's factual
17  allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed.
18  2d 338 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply
19  essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit
20  Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents,
21  673 F.2d 266, 268 (9th Cir.1982)).

22      Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete
23  statement of the claim showing that the pleader is entitled to relief."  As the Supreme
24  Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of
25  entitlement to relief."  Further, "a plaintiff's obligation to provide the 'grounds' of his
26  'entitlement to relief requires more than labels and conclusions, and a formulaic
27  recitation of the elements of a cause of action will not do. . . . Factual allegations must
28  be enough to raise a right to relief above the speculative level." See Bell Atlantic

3

1   Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

2   (internal citations omitted).  Thus, plaintiff must allege a minimum factual and legal

3   basis for each claim that is sufficient to give each defendant fair notice of what

4   plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. United

5   States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932

6   F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a) constitutes

7   an independent basis for dismissal of a complaint that applies even if the claims in a

8   complaint are not found to be wholly without merit.  See McHenry v. Renne, 84 F.3d

9   1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673

10  (9th Cir. 1981).

11          After careful review and consideration of the FAC under the relevant standards,

12  the Court finds that its allegations are once again insufficient to state a claim for

13  violation of plaintiff's federal civil rights.  Although the Court still has concerns about

14  whether the deficiencies of the FAC can be overcome, the Court will afford plaintiff

15  another opportunity to attempt to do so.  See Noll v. Carlson, 809 F.2d 1446, 1448

16  (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his

17  complaint unless it is absolutely clear that the deficiencies of the complaint cannot be

18  cured by amendment).  The FAC therefore is dismissed with leave to amend.  If

19  plaintiff desires to pursue this action, he is ORDERED to file a Second Amended

20  Complaint within thirty (30) days of the date of this Order, remedying the deficiencies

21  discussed below.

22

23                              **DISCUSSION**

24  **A.**    **The allegations of the FAC are insufficient to state a claim against**

25          **any of the individual defendants in their official capacities.**

26          As the Court stated in its Order Dismissing the Complaint, the United States

27  and its agencies are absolutely immune from suit on constitutional claims for

28  damages.  See, e.g., Pereira v. U.S. Postal Service, 964 F.2d 873, 876-77 (9th Cir.

                                        4

1  1992); <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355-56 (9th Cir. 1987); <u>see also</u> <u>FDIC</u>

2  <u>v. Meyer</u>, 510 U.S. 471, 486-87, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

3        Moreover, a suit against a federal employee in his/her official capacity is a suit

4  against the United States.  <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S.

5  682, 688, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949); <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455,

6  1458 (9th Cir. 1985).  The United States is a sovereign, and, as such, is immune from

7  suit unless it has expressly waived immunity and consented to be sued.  <u>United States</u>

8  <u>v. Mitchell</u>, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983); <u>United</u>

9  <u>States v. Shaw</u>, 309 U.S. 495, 500-01, 60 S. Ct. 659, 84 L. Ed. 888 (1940); <u>Gilbert</u>,

10  756 F.2d at 1458; <u>Hutchinson v. United States</u>, 677 F.2d 1322, 1327 (9th Cir. 1982).

11  The waiver must be unequivocally expressed.  <u>United States v. Teston</u>, 424 U.S. 392,

12  399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976).  The United States has not waived

13  sovereign immunity for suits for damages based on alleged civil rights violations by

14  its employees.  <u>See</u>, <u>e.g.</u>, <u>Thomas-Lazear v. Federal Bur. of Investigation</u>, 851 F.2d

15  1202, 1207 (9th Cir. 1988); <u>Clemente v. United States</u>, 766 F.2d 1358, 1363 (9th Cir.

16  1985), <u>cert. denied</u>, 474 U.S. 1101 (1986); <u>United States v. Timmons</u>, 672 F.2d 1373,

17  1380 (11th Cir. 1982).  To the extent that the FAC alleges claims against the

18  defendants in their official capacities, it fails to state a cognizable legal theory.

19

20        **B.**   **The allegations of the FAC also are insufficient to state a claim based**

21             **on the alleged loss of plaintiff's property.**

22        Again, as set forth in the Court's Order Dismissing the Complaint, to the extent

23  that plaintiff purports to be making a claim based on the alleged loss of his property,

24  the Federal Tort Claims Act ("FTCA") is the exclusive remedy for a common law tort

25  action based upon alleged acts of federal employees operating within the course and

26  scope of their office or employment.  <u>See</u> 28 U.S.C. § 2679(b)(1).

27  / / /

28        The timely filing of an administrative claim is a jurisdictional prerequisite to

the bringing of a suit under the FTCA, and must be affirmatively alleged in the complaint.  See McNeil v. United States, 508 U.S. 106, 111, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).  No action may be instituted under the FTCA unless the claimant first presented his claim to the appropriate Federal agency and either the claim was finally denied by the agency in writing and sent by certified or registered mail, or the agency failed to make final disposition of the claim within six months of its filing.  See 28 U.S.C. § 2675(a).

Here, while the FAC does make a reference to a Federal Tort Claim (FAC at 4B),  plaintiff has still not affirmatively alleged that he ever presented any of his claims to the BOP prior to bringing this action.  Specifically, plaintiff has not alleged that he made a claim for his property under the FTCA to the BOP, the date of any such claim, the amount of any such claim, and the date upon which any such claim was denied.

************

If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint, the FAC, or any other pleading, attachment or document.  **Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: September 23, 2009

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6