1

2

3

4

5

6

7

> I hereby certify that this Order was served by First Class mail postage prepaid to Plaintiff, T. Wallace, at his most recent address of record;  Defendant's Counsel (AUSA Wilson) was served electronically (NEF) at their E-mail address of record, in this action on this date.
> Dated:  11/1/11
>
> **J. Holmes**    /s/
> **DEPUTY CLERK**

8

9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10

11   TYRONE WALLACE,                    )   Case No. EDCV09-0547-GAF (DTB)

12                    Plaintiff,        )

13            vs.                       )   ORDER TO SHOW CAUSE

14   FEDERAL BUREAU OF                  )

15   PRISONS, et al.,                   )

16                    Defendants.       )

17

18          On July 26, 2010, plaintiff filed his Sixth Amended Complaint ("SAC"),

19   which, after screening, the Court ordered served on August 5, 2010.  Plaintiff's

20   Notice of Submission of Documents to the United States Marshal was due on or

21   before September 4, 2010.  On August 24, 2010, plaintiff filed a document entitled

22   "Motion for Computing, and Extending Time; Time for Motion Papers" ("Motion")

23   wherein he requested additional time in which to serve the Summons and SAC.  In

24   the Motion, plaintiff alleged that he had received an incomplete summons package

25   from the Clerk, and, therefore, requested that the Clerk be ordered to provide plaintiff

26   with the appropriate number of USM-285 forms, along with service of process

27   instructions.  The Court granted plaintiff's Motion, ordering the Clerk to forward a

28   duplicate service package to plaintiff with the appropriate number of USM-285 forms

for service of his SAC.  The Court, *sua sponte*, extended plaintiff's due date for filing his Notice of Submission of Documents to September 28, 2010.  On September 20, 2011, plaintiff filed correspondence with the Court which the Court construed as a request for extension of time in which to submit his service package to the United States Marshal.  The Court granted plaintiff's request and his Notice of Submission of Documents was thereafter due on or before October 21, 2010.  Plaintiff failed to file his Notice of Submission of Documents within the time allotted and, thereafter, on December 3, 2010, the Court issued a Minute Order, *sua sponte*, extending plaintiff's time up to and including December 27, 2010, in which to file his Notice of Submission of Documents.  Plaintiff was advised that his if he did not file the Notice of Submission of Documents on or before December 27, 2010, such failure would constitute a basis for the Court to dismiss the action without prejudice for lack of prosecution.  On December 17, 2010, plaintiff submitted a handwritten document entitled "Notice of Submission of Documents" wherein plaintiff advised the Court that he had sent his original summons to the U.S. Marshal.  In its December 29, 2010, Minute Order, the Court advised plaintiff that it had confirmed with the U.S. Marshal that they had not received plaintiff's original summons.  Therefore, the Court directed the Clerk to issue an Alias Summons in this matter.  The Clerk was further directed to forward plaintiff the following documents: The Alias Summons; the Notice of Filing Civil Rights/Bivens Complaint (Dkt. # 88); the Order Re: Service of Sixth Amended Complaint (Dkt. # 89); and the Orders Directing Service of Process by the United States Marsha; (Dkt. #s 90 and 91).  Plaintiff was again ordered to prepare all necessary USM- 285 forms and to provide the same, along with the original Alias Summons and copies of the Alias Summons, to the U.S. Marshal on or before January 28, 2011.  Plaintiff failed to file his Notice of Submission of Documents on or before January 28, 2011, and also failed to show proof of service of the Alias Summons.  However, on April 25, 2011, the Court received Process Receipt and Return Forms for defendants Robert Haro, Richard Bourn, Ms. Bosett, Charles R. Carter and

2

1    Terrance L. Moore.  The Summons for defendant Robert Haro was returned unserved
2    with a notation that he was now retired with no forwarding address.  Defendants
3    Richard Bourn, Ms. Bosett, Charles R. Carter and Terrance L. Moore were all served
4    on December 22, 2010.  Therefore, a response to the SAC by these defendants was
5    due on or before  February 20, 2011.  However, none of the defendants served with
6    a Summons and the SAC have appeared in this action, or filed a response to the SAC.

7            Accordingly, on or before **November 28, 2011**, plaintiff is ORDERED to (a)
8    show good cause in writing, if any exists, why plaintiff has not proceeded to seek a
9    default judgment in this action as to the defendants who have been served with
10   process (*i.e.* Bourn, Bosett, Carter and Moore); and (b) show good cause in writing,
11   if any exists, why plaintiff has failed to serve the remaining defendants (*i.e.* Haro,
12   Rardine, Lappin, Penn and Norwood) within the requisite period of time, as the
13   failure to do so constitutes a basis to dismiss the action against such defendants
14   pursuant to Fed. R. Civ. P. 4(m).  Further, plaintiff is forewarned that, if he fails to
15   show cause, or otherwise respond to this Court's Order, the Court will construe such
16   unresponsiveness as further evidence of plaintiff's lack of prosecution of this action,
17   and that such lack of prosecution will constitute a basis to dismiss this action in its
18   entirety.

19
20   DATED: November 1, 2011                    _____
21                                              DAVID T. BRISTOW
                                                United States Magistrate Judge
22
23
24
25
26
27
28

                                        3